**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ESAU EXIL,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN and TODD BLANCHE,<br><br>Respondents. | ) ) ) ) ) ) ) ) ) | Case No. CIV-26-1588-PRW |

# ORDER

Before this Court is Petitioner's pro se Petition for Writ of Habeas Corpus (Dkt. 1) and Respondents' Motion to Dismiss (Dkt. 7). The Petition alleges three grounds for relief. The first ground states "ICE Officer sent me to prison" and alleges that Petitioner was arrested without a warrant and was not provided with a notice to appear. For his second ground, Petitioner states that he has an open asylum case and has not been given a bond hearing in more than 30 days. Finally, Petitioner alleges a violation of his due process rights because he was never read his rights and he is in prison with convicted felons. On July 21, 2026, Respondents filed a Motion to Dismiss, which doubled as a Response to the Petition (Dkt. 7), arguing that the Petition fails to state a claim upon which relief can be granted and should therefore be dismissed under Rule 2(c) of the Rules Governing 28 U.S.C. § 2254 Cases.[1] In Reply (Dkt. 8), Petitioner states, "DHS claims I am categorized under §

[1] The Petition was filed under 28 U.S.C. § 2241, but the Rules Governing § 2254 Cases may be applied to § 2241 cases. *See* Rule 1(b), Rules Governing § 2254 Cases ("The district

1225 when it is not correct, I am admitted into USA (legally)." On September 15, 2026, Magistrate Judge Shon T. Erwin issued a Report and Recommendation (Dkt. 9) recommending that the Court grant the Petition in part. Magistrate Judge Erwin reasoned that Petitioner's due process challenge, construed liberally, includes a claim under the Immigration and Nationality Act (INA) that Petitioner is entitled to an individualized bond hearing. The Tenth Circuit's opinion in *Quiroz v. Mullin*[2] holds that § 1226(a)—which is § 236(a) of the INA—provides aliens arrested within the interior of the United States a right to an individualized bond hearing.[3] The Magistrate Judge therefore recommended that the Court order Respondents to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) within ten days of the Court's order and require Respondents to certify their compliance with the order by filing a status report within seven days. Respondents filed Objections (Dkt. 10) to the Report and Recommendation, arguing that the Petition may not be liberally construed to include an INA claim and should be dismissed. Respondents conceded, however, that if the Petition is construed to include an INA claim, then *Quiroz* would control the outcome.

Reading the Petition (which raises lack of a bond hearing) together with Petitioner's Reply (where he elaborates that the INA is what he relies on in seeking a bond hearing), the Court concludes that Petitioner has stated a claim for relief under the INA. Accordingly,

---

court may apply any or all of these rules to a habeas corpus petition not covered by [§ 2254]."); *Boutwell v. Keating*, 399 F.3d 1203, 1210 n.2 (10th Cir. 2005).

[2] *Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026).

[3] Respondents attached an email from counsel for ICE to their Response (Dkt. 7-1) which states that Petitioner was arrested during a traffic stop in the United States.

having reviewed the Report and Recommendation and Petitioner's objections *de novo*,[4] the Court agrees with the Report and Recommendation's reasoning and conclusions. Accordingly, the Court **ADOPTS** the Report and Recommendation (Dkt. 9) **IN PART** and **DENIES** Respondents' Motion to Dismiss (Dkt. 7). The Petition (Dkt. 1) is **GRANTED IN PART**. Respondents are ordered to provide Petitioner with a bond hearing under 8 U.S.C. § 1226 within ten business days or otherwise release Petitioner if he has not received a lawful bond hearing within that period. Respondents are also ordered to certify compliance with this Order by filing a status report within ten business days[5] of the Court's Order.

**IT IS SO ORDERED** this 2nd day of October 2026.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

[4] *See* 28 U.S.C. § 636(b)(1) (requiring a district judge to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" but otherwise permitting a district judge to review the report and recommendations under any standard it deems appropriate).

[5] The Report and Recommendation recommended that the Court order Respondents to file a status report within seven business days of the Court's order (Dkt. 9 at 5). Because the Court has given Respondents ten days to provide Petitioner with a bond hearing, the Court adjusts this period to ten days also.